UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

FREDERICK J. NERONI; and TATIANA
NERONI,

        Plaintiffs,

   -against-          3:11-CV-1485 (LEK/DEP)

ALEXANDER GRANNIS,

        Defendant.

## MEMORANDUM-DECISION and ORDER

**I. INTRODUCTION**

This matter returns to the Court on Defendant Alexander Grannis's ("Defendant") Motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. Nos. 33 ("Motion"); 33-1 ("Defendant's Memorandum"). By Memorandum-Decision and Order dated March, 21, 2013, the Court dismissed Plaintiffs Frederick Neroni and Tatiana Neroni's ("Plaintiffs") First Amended Complaint in its entirety, but permitted Plaintiffs to replead their retaliation claim against Defendant. Dkt. Nos. 4 ("First Am. Compl."); 18 ("March Order"). Plaintiffs subsequently filed a Second Amended Complaint. Dkt. No. 21 ("Second Am. Compl."). Presently before the Court are Defendant's Motion to dismiss the Second Amended Complaint, and Plaintiffs' Cross-Motion to stay this action. Mot; Dkt. No. 35 ("Cross-Motion"). For the reasons that follow, Defendant's Motion is granted in part and denied in part, and Plaintiffs' Cross-Motion is denied.

## II.     BACKGROUND[1]

The Court presumes the parties' familiarity with the facts and history of this action, and recites only those facts pertinent to the pending Motions. For a full discussion of the facts and history of this case, reference is made to the Second Amended Complaint and the March Order.

Plaintiffs are married and own a summer home in Hamden, NY. Second Am. Compl. ¶¶ 6, 64. In the summer of 2001, two officers from the New York Department of Environmental Conservation ("DEC") visited Plaintiffs' property to investigate possible interference with a protected stream. See id. ¶¶ 7-9. Following the investigation, DEC issued criminal tickets against Mr. Neroni charging him with disturbing a protected stream.[2] Id. ¶ 9.

Mr. Neroni filed a motion to dismiss for failure to prosecute and insufficient evidence. Id. ¶ 11. The motion was granted, in large part due to DEC's inability to produce a valid and current map detailing the location of the protected stream. Id. Mr. Neroni's motion also revealed that DEC's purported jurisdiction over properties in the vicinity of the Hamden home was based on unauthorized and altered public records. Id. ¶ 43.

Five years after the criminal proceedings—at which time Defendant was serving as commissioner of the DEC—DEC brought administrative proceedings against Mr. Neroni related to the disturbance of the protected stream. Id. ¶¶ 5, 18. The administrative action resulted in a

---

[1] Because this case is before the Court on a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true and form the basis of this section. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

[2] Ms. Neroni was not charged in the criminal action because she did not possess any property interest in the Hamden home at the time. See Second Am. Compl. ¶¶ 63-64.

judgment in favor of DEC.  See id. ¶¶ 33-40.

In the Second Amended Complaint, Plaintiffs allege separate but related retaliation claims on behalf of Mr. Neroni and Ms. Neroni, respectively.  See generally id.  Plaintiffs allege that Defendant retaliated against Mr. Neroni by initiating a frivolous administrative action in response to Mr. Neroni's successful motion to dismiss, as well as continuing to exercise his property rights following dismissal of the criminal case.  Id. ¶¶ 42, 46, 49, 56-57.  Mr. Neroni seeks monetary damages against Defendant in his individual and official capacities.  Id. ¶ 61.

Plaintiffs also allege that Defendant retaliated against Ms. Neroni by: (1) paying Plaintiffs' neighbors to testify in the administrative proceeding against Plaintiffs in response to Ms. Neroni's requests for DEC's allegedly fraudulent maps pursuant to Freedom of Information Laws ("FOIL");[3] and (2) initiating administrative proceedings against Plaintiffs even though Plaintiffs' neighbor was permitted by DEC to alter their property in a way that was prohibited to Plaintiffs.  Id. ¶¶ 101, 109.  Ms. Neroni also seeks monetary damages against Defendant in his individual and official capacities. Id. ¶ 120.

### III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v.

---

[3] Ms. Neroni argues that, even though she was not a named party in the administrative action, she "was added as a property owner after the summary ruling on liability in the administrative proceeding and before the ruling on penalties."  Second Am. Compl. ¶ 64. Consequently, the outcome of the proceedings affected her property rights.  Id.  Moreover, Ms. Neroni asserts that the administrative action was commenced in retaliation for her prior FOIL requests.  Id. ¶¶ 109, 115, 120.

Twombly, 550 U.S. 544, 570 (2007)); see also Fed. R. Civ. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

## IV. DISCUSSION

### A. Cross-Motion to Stay

Plaintiffs argue that the Court should stay decision on Defendant's Motion pending resolution of Neroni v. Peebles, No. 14-CV-0584 (N.D.N.Y. filed May 16, 2014). See Cross-Mot. at 3-5. Plaintiffs assert that Neroni v. Peebles will determine whether the Court "has communicated with or received benefits from opposing counsel or from any attorneys who are interested in adverse decisions of any kind against the Plaintiffs, as part of [a 'secret-membership organization' called] the American Inns of Court." Cross-Mot. at 3-4. Plaintiffs' bare allegations that the Court cannot properly exercise impartiality in this case are entirely speculative and not supported by any plausible

facts. Moreover, the underlying facts and legal claims in the respective cases are entirely unrelated. Having provided no legitimate basis to stay this action, the Court therefore denies Plaintiffs' Cross-Motion.

**B. Motion to Dismiss Retaliation Claims**

To establish a claim of retaliation for the exercise of a constitutional right pursuant to 42 U.S.C. § 1983, a plaintiff must show that: (1) she engaged in protected conduct; (2) an adverse action was taken against her; and (3) that there is a causal connection between the protected conduct and the adverse action. See, e.g., Gill v. Pidlypchak, 389 F.3d 379, 380 (2d Cir. 2004).

*1. Mr. Neroni's Retaliation Claim*

Defendant argues that Mr. Neroni's retaliation claim should be dismissed because: (1) administrative proceedings do not constitute adverse action; and (2) Plaintiffs have failed to demonstrate a causal connection between the alleged constitutionally-protected activity and the retaliatory act. Def.'s Mem. at 5-7.

a. Adverse Action

The Second Circuit has defined adverse action as "retaliatory conduct 'that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights.'" Pidlypchak, 389 F.3d at 381 (citation omitted). Defendant argues that initiating an administrative action does not constitute adverse action because monetary penalties alone would not deter a person of ordinary firmness from exercising his or her constitutional rights. Def.'s Mem. at 5-6. Defendant contrasts administrative proceedings with the threat of criminal charges—which carry the prospect of incarceration—and argues that the former does not impose the same deterrent effect. Id. at 6. While criminal sanctions may provide stronger deterrence than monetary penalties, Defendant has

provided no authority to support his position that potential loss of liberty is necessary to an adverse action. See id. Indeed, administrative proceedings have been found to satisfy the requisite deterrent effect. See, e.g., Washington v. Cnty. of Rockland, 373 F.3d 310, 320 (2d Cir. 2004) (finding "the threat of administrative disciplinary proceedings" sufficient to constitute adverse action). The Court therefore rejects Defendant's argument that administrative proceedings cannot constitute adverse action for purposes of a retaliation claim.

Here, the administrative proceedings raised the potential to impose monetary penalties on Plaintiffs, as well as to affect important property rights. Certainly, the threat of significant financial losses or deprivation of property rights would deter a similarly situated individual of ordinary firmness from exercising constitutional rights. See, e.g., Peres v. Oceanside Union Free Sch. Dist., 426 F. Supp. 2d 15, 25 (E.D.N.Y. 2006) (noting that property interests are significant protectible rights). Therefore, Mr. Neroni's claim has adequately alleged an adverse action.

### b. Causation

Defendant next argues that "[t]he passage of five years is too lengthy and the temporal relationship too attenuated to establish a causal connection between the criminal case in 2001 and the administrative proceeding begun in 2006." Def.'s Mem. at 6.

A plaintiff can "establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." Espinal v. Goord, 558 F.3d 119, 129 (2d Cir. 2009) (citing Clark Cnty. Sch. Dist. v. Breeden, 532 U.S. 268, 273-74 (2001)). It is well settled that there is no "bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship," Gorman-Bakos v. Cornell Coop. Extension, 252 F.3d 545, 554 (2d Cir. 2001), and a court must "exercise its judgment about the permissible inferences

that can be drawn from temporal proximity in the context of [each] particular case," Espinal, 558 F.3d at 129.

Here, the constitutionally protected activity—Mr. Neroni's successful defense of the criminal case—occurred in 2001, and the alleged retaliatory act took place in 2006.[4]  "[I]t is the rare case that finds . . . causation when more than a year rather than months have gone by."  Thomas v. City of New York, 953 F. Supp. 2d 444, 459 (E.D.N.Y. 2013).  Courts in this circuit have routinely held that significantly shorter periods are too attenuated to establish causation.  See, e.g., Hollander v. Am. Cyanamid Co., 895 F.2d 80, 85-86 (2d Cir. 1990) (finding a lack of adverse action where retaliatory act was committed three months after plaintiff's protected activity); Markovic v. N.Y.C. Sch. Constr. Auth., No. 99-CV-10339, 2002 WL 22043, at *8 (S.D.N.Y. Jan. 8, 2002) (finding an eight-month lapse between protected speech and plaintiff's protected activity insufficient to suggest a causal connection); Morris v. Lindau, 196 F.3d 102, 113 (2d Cir. 1999) (stating that "no inference of causation [was] justified," when two years elapsed between the protected speech and the adverse employment action).  Thus, the five-year gap between the criminal case and administrative proceeding strongly weigh in favor of finding against causation.

Furthermore, to satisfy the causal connection requirement of their retaliation claim, Plaintiffs must also show that the successful defense of the criminal proceeding was "a substantial motivating factor" in Defendant's decision to bring the administrative action.  See Deters v. Lafuente, 368 F.3d

---

[4] In the Second Amended Complaint, Plaintiffs list one of Mr. Neroni's protected activities as his "continu[ing] to exercise his property rights and to improve the property behind his barn" after the criminal case was dismissed.  Second Am. Compl. ¶ 46.  While this allegation would seem to imply that Mr. Neroni exercised protected activity for a period *after* 2001, in Plaintiffs' Cross-Motion they do not refute the designation of 2001 as the date the protected activity occurred.  See Cross-Mot. at 6.  Therefore, for purposes of analyzing temporal proximity in the causation analysis, the Court accepts that five years elapsed between the protected activity and retaliatory act.

7

185, 190 (2d Cir. 2004) (citing Morris, 196 F.3d at 111). While the two proceedings were certainly related, Plaintiffs have failed to allege any plausible facts suggesting that Defendant was motivated to commence the administrative proceeding *because* of Mr. Neroni's successful motion to dismiss (or continuing to exercise his property rights). See Espinal, 558 F.3d at 129. Indeed, Plaintiffs concede that the administrative action resulted in favor of DEC, and there are no facts indicating that the administrative action was commenced frivolously or for any reason other than to address prohibited activity. See Second Am. Compl. ¶¶ 33-40. Therefore, Plaintiffs have failed to establish a casual connection between Mr. Neroni's protected activity and the subsequent adverse action, and Mr. Neroni's retaliation claim is therefore dismissed.

### 2. Ms. Neroni's Claim

Defendant argues that Ms. Neroni's claim should be dismissed because it was pled in violation of the Court's March Order. Def.'s Mem. at 7-8. Specifically, Defendant asserts that the March Order only permitted Plaintiffs to replead a single claim against Defendant, and because Ms. Neroni's instant claim was not included in the First Amended Complaint, it is therefore violative of the March Order. Id.

In the March Order, the Court held that "Plaintiffs may amend their Amended Complaint only to re-plead their retaliation claim against Defendant Grannis under 42 U.S.C. § 1983." Mar. Order at 30. The Court did not restrict leave to amend exclusively to Mr. Neroni's allegation only. Rather, it granted leave to amend "their" claim, at which time Ms. Neroni was also a plaintiff in this action. Moreover, Ms. Neroni is still alleging a retaliation claim against Defendant based on the same set of underlying facts. Plaintiffs have merely argued an additional theory of liability in their present retaliation claim. The Court therefore rejects Defendant's argument that Ms. Neroni's claim

8

should be summarily dismissed because it was not expressly permitted in the March Order.

Defendant has not otherwise challenged Ms. Neroni's claim, and the Court therefore takes no position on the merits of Ms. Neroni's retaliation claim.

### 3. Official Capacity

Defendant next argues that he is immune from Plaintiffs' claims against him in his official capacity under the Eleventh Amendment. Def.'s Mem. at 8. Because the Court has dismissed Mr. Neroni's claim, it only considers Defendant's argument with respect to Ms. Neroni's remaining claim.

The Eleventh Amendment protects a state against suits brought in federal court by citizens of that state, regardless of the nature of the relief sought. Alabama v. Pugh, 438 U.S. 781, 782 (1978). This absolute immunity that states enjoy under the Eleventh Amendment extends both to state agencies, and in favor of state officials sued for damages in their official capacities when the essence of the claim involved seeks recovery from the state as the real party in interest. Richards v. State of N.Y. Appellate Div., Second Dep't, 597 F. Supp. 689, 691 (E.D.N.Y. 1984) (citing Pugh, 438 U.S. at 781-82 and Cory v. White, 457 U.S. 85, 89-91 (1982)). "To the extent that a state official is sued for damages in his official capacity . . . the official is entitled to invoke the Eleventh Amendment immunity belonging to the state." Hafer v. Melo, 502 U.S. 21, 25 (1991); Kentucky v. Graham, 473 U.S. 159, 166-67 (1985).

Plaintiffs argue that their official capacity claims should not be dismissed because they seek injunctive and declaratory relief in addition to monetary damages. Cross-Mot. at 12. However, a careful review of the Second Amended Complaint reveals that Plaintiffs have only demanded monetary damages. Second Am. Compl. ¶ 120. Indeed, Plaintiffs explicitly seek only "nominal and

9

actual damages from Defendant Grannis in his official capacity and nominal, actual and punitive damages against Defendant Grannis in his individual capacity." Id. Because Ms. Neroni's claim against Defendant in his official capacity seeks only damages, that claim must be dismissed due to Defendant's immunity under the Eleventh Amendment.[5]

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Defendant's Motion (Dkt. No. 33) to dismiss for failure to state a claim is **GRANTED in part and DENIED in part**. Plaintiff Frederick Neroni's retaliation claim against Defendant Alexander Grannis is **DISMISSED** for failure to state a claim. Plaintiff Tatiana Neroni's retaliation claim against Defendant Grannis **in his official capacity** is **DISMISSED** due to Defendant's immunity under the Eleventh Amendment. However, Plaintiff Tatiana Neroni's retaliation claim against Defendant Grannis in his individual capacity may proceed; and it is further

**ORDERED**, that Plaintiffs' Cross-Motion (Dkt. No. 35) to stay this action is **DENIED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     November 06, 2014
           Albany, NY

_____
Lawrence E. Kahn
U.S. District Judge

---

[5] The Court notes that even if Mr. Neroni's claim had not been dismissed, it only seeks money damages as well, and therefore would not affect the analysis of Ms. Neroni's official capacity claim. See Second Am. Compl. ¶ 61.