IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

TATIANA NERONI,

        Plaintiff,        Civil Action No.
                                      3:11-CV-1485 (LEK/DEP)

    v.

ALEXANDER B. PETE GRANNIS,

        Defendant.

---

APPEARANCES:                      OF COUNSEL:

FOR PLAINTIFF:

TATIANA NERONI, *Pro se*
P.O. Box 3937
10993 Ocean Highway
Pawleys Island, SC 29585

FOR DEFENDANT:

HON. ERIC T. SCHNEIDERMAN      MARIA E. LISI-MURRAY, ESQ.
New York State Attorney General     Assistant Attorney General
The Capitol
Albany, NY 12224

## ORDER

Plaintiff Tatiana Neroni, a licensed attorney who has been suspended from practice and is now proceeding *pro se,* and her husband, Frederick J. Neroni, whose claims have been dismissed, commenced this

action on December 19, 2011, against four defendants, including Alexander P. Pete Grannis, a former Commissioner of the New York State Department of Environmental Conservation, pursuant to 42 U.S.C. § 1983, alleging that defendant Grannis violated their civil rights. As a result of prior proceedings in the case, only plaintiff Tatiana Neroni's claim of retaliation against defendant Grannis, in his individual capacity, remains in the action.

Currently pending before the court is a motion brought by defendant Grannis to compel discovery. Dkt. No. 67. Defendant's motion concerns the sufficiency of plaintiff's responses to his first request for the production of documents ("RFP") and first set of interrogatories.[1] Dkt. No. 67 at 1-3. Defendant Grannis also filed a request for permission to file a motion to compel plaintiff to appear for a deposition in the case. Dkt. No. 69. The court granted that request, Dkt. No. 72, and, in her response in opposition to defendant's motion to compel, plaintiff also addressed her failure to appear for deposition. Dkt. No. 73.

In her opposition to defendant's motion to compel discovery, plaintiff

---

[1] The court notes that plaintiff's responses to those discovery demands fail to comply with this court's rules, which require that each answer be proceeded by a reiteration of the request to which it responds. *See* N.D.N.Y. L.R. 26.1 ("In answering or objecting to interrogatories, requests for admission, or requests to produce or inspect, the responding party shall first state verbatim the propounded interrogatory or request and immediately thereafter the answer or objection.").

2

intimates that she does not consent to my jurisdiction to address the matter, and reiterates her request for recusal of myself and Senior District Judge Lawrence E. Kahn.[2] Dkt. No. 73 at 1. To the extent plaintiff contends that her consent is required in order for me, as a magistrate judge, to address discovery-related matters in this case, she is mistaken. Under General Order No. 25, all non-dispositive issues in this case have been referred to me for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), and no consent of the parties is required. Dkt. No. 3.

Before turning to resolution of the underlying discovery disputes raised, I must address one other position taken by plaintiff. She asserts that her deposition is subject to the requirements of Rule 45 of the Federal Rules of Civil Procedure, and that she cannot be forced to travel to the Northern District of New York for deposition in light of that rule. Dkt. No. 73 at 7-8. Once again, plaintiff is mistaken. Her deposition, as a party, is governed by the requirements of Rule 30 of the Federal Rules of Civil Procedure, and a party seeking to depose another party is not required to resort to Rule 45 to compel the attendance of that party.[3] *Pegoraro v.*

---

[2]  Plaintiff filed a motion for recusal of Judge Kahn and me on November 16, 2015, and that motion is currently before Judge Kahn for consideration. Dkt. No. 68.

[3]  Ordinarily, absent extenuating circumstances, a plaintiff who brings an action in this district is required to appear here for deposition. *See, e.g.,* Wright & Miller, *et al.*, Federal Practice & Procedure § 2112 (3d ed.) ("Ordinarily, plaintiff will be required to

3

*Marrero*, No. 10-CV-0051, 2012 WL 1948887, at *6 (S.D.N.Y. May 29, 2012). The failure of a party to an action to appear for deposition after having been served with a proper notice provides a basis for a court to award sanctions, which may include dismissal of plaintiff's complaint.[4] Fed. R. Civ. P. 37(d).

A hearing was held on December 1, 2015, to address the pending discovery-related issues. That hearing was conducted by telephone, as an accommodation to plaintiff and the fact that she apparently now resides in South Carolina. Dkt. Nos. 65, 66; Text Notice dated Oct. 14, 2015. On the date of the conference, however, defendant's counsel, who was ordered by the court to make arrangements for the telephone conference, reported that she was unable to reach plaintiff at the telephone number provided by her to the court and defendant's counsel. Text Minute Entry Dated Dec. 1, 2015. A representative of the court thereafter attempted to reach plaintiff by telephone, also without success. *Id.* The hearing was subsequently

---

make himself or herself available for examination in the district in which suit was brought."); *accord, Schindler Elevator Corp. v. Otis Elevator Co.*, No. 06-CV-5337, 2007 WL 1771509, at *8 (S.D.N.Y. June 18, 2007). Plaintiff has provided no basis to excuse her from this requirement.

[4] Defendant has established that plaintiff was served a notice of deposition on or about September 15, 2015, returnable on November 10, 2015. Dkt. No. 69 at 3-5. Defendant has also shown that, in a series of subsequent communications, plaintiff indicated that she did not intend to appear for the scheduled deposition, and in fact did not appear. *Id.* at 7-9.

conducted, on the record, without plaintiff's participation, to address some of the issues raised by defendant in his motion. *Id.*

Based upon the foregoing and the parties' submissions, it is hereby ORDERED as follows:

(1) Defendant's request to compel plaintiff's compliance with Interrogatory No. 6 is GRANTED. Plaintiff shall provide a proper and complete response to this interrogatory by December 22, 2015.

(2) Defendant's request to compel plaintiff's compliance with Interrogatory No. 7 is DENIED.

(3) Defendant's request to compel plaintiff's compliance with RFP Nos. 1 and 14 is DENIED.

(4) With respect to defendant's motion to compel plaintiff's compliance with RFP No. 4, on or before December 22, 2105, plaintiff shall produce one or more documents demonstrating her ownership at the relevant times in the real property and/or stream referred to in the amended complaint.

(5) Defendant's motion to compel plaintiff's compliance with RFP No. 5 is GRANTED, in part. On or before December 22, 2015 plaintiff shall produce to defendant's counsel all documents within her possession, custody, or control that reference the Crawfords <u>and</u> relate to the claims

and defenses raised in this litigation.

(6) With respect to defendant's motion to compel plaintiff's compliance with RFP No. 6, on or before December 22, 2015, plaintiff shall list all documents within her possession, custody, or control falling within the scope of that request. Thereafter, defendant may request copies of any of the documents listed, at his expense.

(7) With respect to defendant's motion to compel plaintiff's compliance with RFP No. 11, on or before December 22, 2015, plaintiff shall disclose any surveys, maps, or written descriptions of the property in question within her possession, custody, or control, and, in addition, must produce any documents that demonstrate when she first obtained an ownership interest in the referenced property.

(8) With respect to defendant's motion to compel plaintiff's compliance with RFP No. 15, on or before December 22, 2015, plaintiff shall produce to defendant's counsel any such documents within her possession, custody, or control upon which she intends to rely at trial to support her claims in this action.

(9) With respect to defendant's motion to compel plaintiff's compliance with RFP No. 17, on or before December 22, 2015, plaintiff shall produce to defendant's counsel any documents within her

possession, custody, or control falling within the scope of that request and upon which she intends to rely at trial to support her claims in this actions.

(10) With respect to the remaining RFPs in dispute (RFPs 2, 3,8, 10, 12), many of which plaintiff has opposed on the basis that defendant allegedly has access to the documents requested, on or before December 22, 2015, plaintiff shall provide to defendant's counsel a list of all documents within her possession, custody, or control that are responsive to the RFPs and upon which she will rely at trial to support her claims against the defendant, including the claims of damages. Plaintiff will be precluded from introducing into evidence at trial any documents not listed, absent good cause.

(11) On or before December 22, 2015, plaintiff shall provide a proper oath to her interrogatory responses, pursuant to 28 U.S.C. § 1746, as follows:

> I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

That oath shall also be dated and signed by plaintiff.

(12) Plaintiff is hereby ORDERED to appear at a mutually agreed upon location within the Northern District of New York, and at a mutually agreed upon date and time during the week of January 11, 2016, for a

deposition. That deposition will be conducted in accordance with this court's deposition guidelines. A copy of those guidelines is attached for the parties' reference. Plaintiff is advised that her failure to appear for deposition, as ordered herein, <u>will</u> result in my issuance of a report to Senior District Judge Lawrence E. Kahn recommending that this action be dismissed based upon plaintiff's failure to appear for deposition pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure.

(13) The remaining deadlines in this action, including for the completion of discovery and the filing of dispositive motions, are hereby STAYED.

(14) No costs or attorney's fees are awarded to either party in connection with defendant's motion. Plaintiff is informed, however, that any future finding that she has failed to comply with her discovery obligations under the Federal Rules of Civil Procedure or this court's orders <u>will</u> result in the issuance of monetary sanctions.

Dated: December 3, 2015
Syracuse, New York

David E. Peebles
U.S. Magistrate Judge

# GUIDELINES FOR DISCOVERY DEPOSITIONS

(1) At the beginning of the deposition, deposing counsel shall instruct the witness to ask deposing counsel, rather than the witness's own counsel, for clarifications, definitions, or explanations of any words, questions, or documents presented during the course of the deposition. The witness shall abide by these instructions.

(2) All objections, except those which would be waived if not made at the deposition under Fed.R.Civ.P. 32(d)(3)(B), and those necessary to assert a privilege, to enforce a limitation on evidence directed by the court, or to present a motion pursuant to Fed.R.Civ.P. 30(d), shall be preserved. Therefore, those objections need not and shall not be made during the course of deposition.

(3) Counsel shall not direct or request that a witness not answer a question, unless that counsel has objected to the question on the ground that the answer is protected by a privilege or a limitation on evidence directed by the court.

(4) Counsel shall not make objections or statements which might suggest an answer to a witness. Counsels' statements when making objections should be succinct and verbally economical, stating the basis of the objection and nothing more.

(5) Counsel and their witness/clients shall not initiate or engage in private off-the-record conferences during depositions or during breaks or recesses, except for the purpose of deciding whether to assert a privilege.

(6) Any conferences which occur pursuant to, or in violation of, guideline (5) are a proper subject for inquiry by deposing counsel to ascertain whether there has been any witness-coaching and, if so, what.

(7) Any conferences which occur pursuant to, or in violation of, guideline (5) shall be noted on the record by the counsel who participated in the conference. The purpose and outcome of the conference shall also be noted on the record.

(8) Deposing counsel shall provide to the witness' counsel a copy of all documents shown to the witness during the deposition. The copies shall be provided either before the deposition begins or contemporaneously with the showing of each document to the witness. The witness and the witness' counsel do not have the right to discuss documents privately before the witness answers questions about them.

(9) There shall be only one question at a time put to a witness. Counsel shall permit the witness to fully answer before propounding subsequent or follow-up questions. If the witness indicates he or she does not understand the question, counsel shall simply rephrase the question. There is to be no characterization or comment by examining counsel as to any answer given by a witness. Should the answer reasonably appear to

counsel to be unresponsive, counsel may so advise the witness and his or her counsel and have the question repeated by the stenographer from the record.

(10) Examining counsel shall not engage in any argument with opposing counsel as to these issues, rather his objection shall be taken on the record and appropriate relief from this court may be sought upon completion of the examination. Similarly, counsel for a witness shall not engage in any argument with examining counsel as to the objectionability of any question. Rather, he may note his objection and permit the witness to answer the question, subject to the objection.

(11) If a witness or his or her counsel is unclear as to any question, he or she shall so advise counsel and permit the examining counsel an opportunity to rephrase or withdraw the witness' question. Neither witness nor counsel shall make any comment or engage deposing counsel in an argument (other than grounds therefore) about the nature of the question or the witness' request for clarification.

(12) Examining counsel shall at no time interrupt a witness while he or she is attempting to answer a question. Counsel shall await the witness' complete response to a question before advancing any follow-up questions or moving on to a new subject.

(13) Examining counsel shall refrain from unnecessary on-the-record recitation or lengthy quotations from discovery materials or documents except as is necessary to put specific questions to the witness related to such material or documents.

(14) Authority: Fed.R.Civ.P. 16, 26(f), 30, 37(a); *Hall v. Clifton Precision*, 150 F.R.D. 525 (E.D. Pa. 1993).