UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TATIANA NERONI,

                          Plaintiff,

     -against-                             3:11-CV-1485 (LEK/DEP)

ALEXANDER GRANNIS,

                          Defendant.

## DECISION AND ORDER

**I.    INTRODUCTION**

Presently before the Court is Plaintiff Tatiana Neroni's Motion to recuse and disqualify this Court and the Northern District of New York in this matter and vacate all orders made in this case after October 20, 2014, Dkt. No. 68 ("Motion to Recuse"), as well as Defendant Alexander Grannis's Motion to Dismiss Plaintiff's Complaint. Dkt. No. 75 ("Motion to Dismiss"). For the following reasons, Plaintiff's Motion to Recuse is denied and Defendant's Motion to Dismiss is granted.

**II.    BACKGROUND**

Plaintiff and her husband, Frederick Neroni, as co-Plaintiffs, filed the present suit on December 19, 2011, against Defendants Alexander Grannis, Josh Martens, Jerome Fraine, and Ann Lapinski, in regard to the legality of a pond constructed on the Neroni's land in Hamden, New York. Dkt. No. 1 ("Complaint"). In the Complaint, Plaintiffs claimed "nominal, special, actual and punitive damages against individual defendants for constitutional violations under 42 U.S.C. 1983 . . . treble damages under Judiciary Law 487 against ANN LAPINSKI, costs, disbursements and attorney's fees against all defendants, in their official and individual

capacities, to enjoy New York State Commissioner of Environmental Conservation from enforcing its regulatory scheme of prosecuting violations against landowners of the State of New York based on map 6 NYCRR 815.6 . . . , and declaratory relief." Compl. at 43.[1] Defendants Grannis, Martens, Fraine, and Lapinski submitted a Rule 12(b)(6) motion to dismiss on March 27, 2012, which was subsequently granted on March 21, 2013. Dkt. Nos. 7, 18 ("March Order"). The March Order stated that if Plaintiffs wanted to further amend their Amended Complaint, they must do so within thirty days. Mar. Order at 29–30. The only claim that the March Order allowed Plaintiffs to replead was the retaliation claim against Grannis under 42 U.S.C. § 1983. Id. at 18. All other claims were dismissed with prejudice. Id. at 30.

The Neronis filed their Second Amended Complaint on April 20, 2013, against Grannis. Dkt. No. 21 ("Second Amended Complaint"). Defendant filed a second Rule 12(b)(6) motion to dismiss on April 25, 2014, which was granted in part and denied in part on November 6, 2014. Dkt. Nos. 33, 36 ("November Order"). The November Order dismissed Frederick Neroni's remaining claims, therefore terminating Frederick Neroni as a plaintiff in this matter. Nov. Order at 10. The November Order also dismissed Tatiana Neroni's retaliation claim against Grannis in his official capacity. Id.

Defendant filed a Motion on October 13, 2015, to compel Plaintiff to respond to discovery demands and interrogatories. Dkt. No. 67 ("Motion to Compel"). Plaintiff filed a Motion to Recuse and an opposition to Defendant's Motion to Compel on November 16, 2015. Mot. Recuse. On November 17, 2015, U.S. Magistrate Judge David E. Peebles ordered Plaintiff

---

[1] Plaintiff filed an Amended Complaint, adding her signature as the attorney in this matter. Dkt. No. 4 ("Amended Complaint").

"to separately file any opposition to the pending motion to compel discovery," as Plaintiff had instead submitted as one combined filing the electronic equivalent of 620 pages. Dkt. No. 71. Judge Peebles further stated, "It is inherently unreasonable to require defendant's counsel to sift through 620 pages to locate the relevant response to the pending discovery motion." Id. Plaintiff filed a separate Response in opposition to Defendant's Motion to Compel on November 20, 2015. Dkt. No. 73. In the meantime, Plaintiff failed to appear for a deposition scheduled for November 10, 2015, after she was served notice on September 15, 2015. Dkt. No. 75-2 ("Affirmation of Maria Lisi-Murray") ¶ 11.

On December 1, 2015, Plaintiff could not be reached during a scheduled telephone conference. Judge Peebles, after discussion with Defendant at this conference, ordered Plaintiff's deposition to be completed during the week of January 11, 2016, in the Northern District of New York. Dkt. No. 74 ("December Order"). The December Order additionally ordered Plaintiff (1) to provide a proper and complete response to Interrogatory No. 6; (2) to comply with requests for the production of documents ("RFP") Nos. 4, 5 (in part), 6, 11, 15, and 17 on or before December 22, 2015; (3) to "provide to Defendant's counsel a list of all documents within her possession, custody, or control that are responsive to the RFPs and upon which she will rely at trial" in regards to RFP Nos. 2, 3, 8, 10, and 12; and (4) to provide a proper oath to her interrogatory responses on or before December 22, 2015. Id. at 5–7. Plaintiff did not appear for the deposition scheduled for the week of January 11, 2016, nor did she produce any of the documents that she was ordered to provide.

3

Defendant filed the present Motion to Dismiss both for lack of prosecution and as a discovery sanction on January 27, 2016. Mot. Dismiss. Defendant also filed a Reply to his Motion on February 22, 2016, after Plaintiff failed to respond. Dkt. No. 76 ("Reply").

## III. DISCUSSION

"[W]here 'a particular *pro se* litigant is familiar with the procedural setting as a result of prior experience such that it is appropriate to charge [her] with knowledge of . . . particular requirements, it falls well within a district court's discretion to lessen the solicitude that would normally be afforded.'" Koziol v. King, No. 14-CV-946, 2015 WL 2453481, at *4 (N.D.N.Y. 2015) (quoting Tracy v. Freshwater, 623 F.3d 90, 102 (2d Cir. 2010)). Here, while Plaintiff is representing herself pro se, she graduated from law school and practiced as an attorney, so the Court will construe Plaintiff's pleadings less liberally than a traditional pro se plaintiff. See Tracy, 623 F.3d at 101.

### A. Motion to Recuse

"A recusal decision rests within the sound discretion of the judge whose recusal is sought." Neroni v. Coccoma, No. 13-CV-1340, 2014 WL 2532482, at *4 (N.D.N.Y. 2014); accord United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir. 1992), overruled on other grounds by United States v. Yousef, 750 F.3d 254, 261 (2d Cir. 2014). "[T]he mere filing of a recusal motion does not automatically require the recusal of a judge." Williams v. City Univ. of N.Y., 633 F. App'x 541, 544 (2d Cir. 2015). The standard for recusal is an objective one. Lovaglia, 954 F.2d at 814. The question regarding whether recusal is required is: "Would a reasonable person, knowing all the facts, conclude that the trial judge's impartiality could reasonably be questioned?" Id. at 815; accord Williams, 633 F. App'x at 543. The Supreme Court has "noted

4

that the disqualifying criteria 'cannot be defined with precision. Circumstances and relationships must be considered.'" Caperton v. A.T. Massey Coal Co., 556 U.S. 868, 880 (2009) (quoting In re Murchison, 349 U.S. 133, 136 (1995)). The American Bar Association's standard of impropriety is an objective one: "A judge shall avoid impropriety and the appearance of impropriety." Id. at 888 (quoting Model Code of Judicial Conduct Canon 2 (Am. Bar Ass'n 2004)). "The ABA Model Code's test for appearance of impropriety is 'whether the conduct would create in reasonable minds a perception that the judge's ability to carry out responsibilities with integrity, impartiality and competence is impaired.'" Id. (quoting Canon 2A).

Plaintiff argues that the Court has "injected itself into the pending proceedings, in an ex parte manner as concerns Plaintiff [and] pre-judged these entire proceedings as frivolous and without merit," and that the Court must recuse itself in order to provide due process of law. Dkt. No. 68-1 ("Recusal Memorandum") at 1–2. The Supreme Court has recognized that "most matters relating to judicial disqualification [do] not rise to a constitutional level." Caperton, 556 U.S. at 876 (quoting FTC v. Cement Inst., 333 U.S. 683, 702 (1948)). However, "[c]onsistent with a defendant's due process right to a fair trial, a district just must recuse himself 'in any proceeding in which his impartiality might reasonably be questioned.'" United States v. Basciano, 384 F. App'x 28, 32 (2d Cir. 2010) (quoting 28 U.S.C. § 455(a)). "To constitute a due process violation, [a plaintiff] must show that the judge had a 'direct, personal, substantial, pecuniary interest in reaching [the particular] conclusion against him in his case.'" Martuzas v. Reynolds, 983 F. Supp. 87, 91 (N.D.N.Y. 1997) (second alteration in original) (quoting Tumey v. Ohio, 273 U.S. 510, 523 (1927)). The due process requirement for recusal is "identical to that considered under § 455(a)," Coccoma, 2014 WL 2532482, at *4 n.12, therefore the Court need

5

not separately address Plaintiff's due process argument.

Plaintiff also argues that the Court must recuse itself pursuant to 28 U.S.C. § 455, as the Court allegedly had a "close relationship with, likely benefits received from and close social and professional ties and ex parte communications with opponents and opposing counsel." Recusal Mem. at 2. According to Plaintiff, the conditions for recusal under 28 U.S.C. § 455(b)(1) were met, as the Court displayed "personal bias and prejudice." Id. at 3. Plaintiff states that disqualification under 28 U.S.C. § 455(b)(2) and (b)(3) has been established as the Court "injected itself into the case as a party and counsel." Id. at 3. Plaintiff also argues that the criteria for disqualification "under 28 U.S.C. § 455(b)(5)(i), (ii) and (iv)" have been established as "injected themselves into the proceedings as a party behind [her] back and pre-judged it." Id. at 4.

"[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Liteky v. United States, 510 U.S. 540, 555 (1994). "Prior adverse rulings . . . are generally not a basis for disqualification." Koziol, 2015 WL 2453481, at *5; see also Gallop v. Cheney, 645 F.3d 519, 521 (2d Cir. 2011) (finding that a ruling made against the plaintiff "alone is insufficient to establish the sort of extreme antagonism required for disqualification"); Coccoma, 2014 WL 2532482, at *5. Judicial rulings "can only in the rarest circumstances evidence the degree of favoritism or antagonism required" for recusal to be necessary. Liteky, 510 U.S. at 555. "[O]pinions formed by the judge on the basis of facts introduced or events in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Id.

On October 20, 2014, Chief Judge Gary L. Sharpe ordered, in an "Anti-Filing Show-

Cause Order," that Plaintiff's husband, Frederick Neroni, was required to show cause as to why he should not be enjoined from filing in the Northern District of New York.[2] Plaintiff alleges that, because of the Anti-Filing Show-Cause Order, this court has inserted itself as a party in this matter and has pre-judged this case, therefore recusal is necessary under § 455(b)(3). However, "28 U.S.C. § 455(b)(3) mandates recusal where the judge, while serving in government employment, participated in a material way 'concerning the proceeding' or 'expressed an opinion concerning the merits of *the particular case in controversy*.'" Coccoma, 2014 WL 2532482, at *5 (emphasis in original). The October 20, 2014 Anti-Filing Show-Cause Order "has nothing to do with the merits of this proceeding. [Plaintiff's] argument suggests precisely the sort of 'remote, contingent, indirect or speculative interests' that militate against recusal.'" Id. (quoting Lovaglia, 954 F.2d at 815). While Plaintiff may disagree with the Court's decision regarding the anti-filing order, "disagreement with [the Court's] prior decisions . . . is an insufficient basis to warrant recusal." Williams, 633 F. App'x at 543.

      Plaintiff also argues, in support of her Motion for Recusal, that Judge Sharpe's son is employed by the New York State Attorney General, counsel for Defendant, and Judge Sharpe was the judge who issued the anti-filing order in 2014. Recusal Mem. at 4. However, Judge

---

[2] The October 20, 2014 Anti-Filing Show-Cause Order was the result of the dismissal of Coccoma, 2014 WL 2532482, Frederick Neroni's "fifth complaint filed in this District . . . lack[ing] any basis in fact or law." Dkt. No. 68-4 ("Anti-Filing Show-Cause Order") at 1. An Anti-Filing Injunction was ordered on November 26, 2014. In re Neroni, No. 3:14-AF-5, 2014 WL 11462833 (N.D.N.Y. 2014). Frederick Neroni, however, was dismissed as a plaintiff in the present case on November 6, 2014, before the Anti-Filing Injunction was ordered. Plaintiff mentions the October 20, 2014 date throughout her Motion to Recuse. The Court notes that the November 26, 2014 Anti-Filing Injunction does not prohibit Plaintiff from filing in the Northern District of New York; it prohibits Frederick Neroni from filing any document in the Northern District of New York without permission from the Chief Judge or his designee.

Sharpe is not presiding over this case, nor is his son listed as an attorney for Defendant (the Court notes that Judge Sharpe's son actually works at the U.S. Attorney's Office, Coccoma, 2014 WL 2532482 at *5). Plaintiff's argument for recusal fails under these circumstances. See Microsoft Corp. v. United States, 530 U.S. 1301, 1301–03 (2000) (statement of Rehnquist, C.J.) (discussing his decision not to recuse himself in a case where his son was a partner at the firm representing Microsoft Corporation and was one of the attorneys working on the case, as he explained that he had no "interest that could substantially be affected by the outcome of the proceeding" and no "well-informed individual would conclude that an appearance of impropriety exists"); see also Coccoma, 2014 WL 2532482, at *5 (holding that recusal of Judge Sharpe was not warranted when his son was employed by the office that represented defendant, as his son had not appeared in the action and had no involvement in the matter). The Court here has no personal or financial interests in either party that would require recusal. Lovaglia, 954 F.2d at 816. Additionally, there is no record that the Court displayed any personal bias, and "[t]he mere motion for recusal based upon an allegation of personal prejudice does not require a judge to step down." Martuzas v. Reynolds, 983 F. Supp. 87, 91 (N.D.N.Y. 1997).

      Plaintiff demands a hearing on the issue of recusal and disqualification, judged by a jury. Recusal Mem. at 5. However, "recusal motions are committed to the sound discretion of the district court," Lovaglia, 954 F.2d at 815, and thus a hearing with a jury is not required. The Court here has not displayed a "deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky, 510 U.S. at 555. For these reasons, Plaintiff's Motion to Recuse is denied.

**B. Motion to Vacate**

A motion seeking relief under Rule 60(b) "is addressed to the sound discretion of the district court." Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986). Motions to vacate pursuant to Rule 60(b) are "properly granted only upon a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001). "The burden for meeting this 'onerous standard' for relief is on the moving party." Trafalgar Power Inc. v. Aetna Life Ins. Co., 414 B.R. 22, 25 (N.D.N.Y. 2009) (quoting Int'l Bhd. of Teamsters, 247 F.3d at 392).

Plaintiff argues that the Court must vacate "all decisions of this court in this matter made after this court has injected itself into this case as a party through a parallel ex parte . . . proceeding." Recusal Mem. at 5. She claims that since the October 20, 2014 Anti-Filing Show-Cause Order against her husband, Frederick Neroni, the Court has been disqualified "from presiding over these proceedings and made all decisions of this court . . . void" pursuant to Federal Rule of Civil Procedure 60(b)(2), (3), (4), (5), and (6). Id. Rule 60(b) explains that:

> the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60 "does not particularize the factors that justify relief, but [the Supreme Court has] previously noted that it provides courts with authority 'adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice,' while also

9

cautioning that it should only be applied in 'extraordinary circumstances.'" Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863–64 (1988) (citations omitted) (quoting Klapprott v. United States, 335 U.S. 601, 614–15 (1949); Ackermann v. United States, 340 U.S. 193, 199 (1950)).

Plaintiff claims that the Court "is a party in the anti-filing proceedings filed by the court against Mr. Neroni on October 20, 2014," and therefore the decisions made in this case after the this Court became a "party in this action" must be vacated. Recusal Mem. at 5. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of exceptional circumstances." Int'l Bhd. of Teamsters, 247 F.3d at 391; see also Nemaizer, 793 F.2d at 61 ("Since 60(b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances.").

Plaintiff gives no support for her conclusions that decisions made by the Court after October 20, 2014, are void under Rules 60(b)(2) and 60(b)(4). Recusal Mem. at 5. Plaintiff provides no evidence to support her argument that, because of the Anti-Filing Show-Cause Order on October 20, 2014, the decisions made since then must be void pursuant to Rule by 60(b)(4), nor does she explain how that decision qualifies as "new evidence" required by Rule 60(b)(2). Plaintiff argues that the decisions made after the anti-filing order are void; however, judgments are "void only if the court that rendered [them] lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of the law." 11 Charles Alan Wright et al., Federal Practice and Procedure § 2862 (3d ed. 2016); accord Clovis v. Herald Co., No. 89-CV-703, 1993 WL 56017, at *2 (N.D.N.Y. Mar. 1, 1993). This is not the case here, as the Court had both jurisdiction over both the subject matter and the parties. As stated above, the

Court has not acted in a manner inconsistent with due process of the law, as the Court had no direct, personal, substantial, or pecuniary interest in reaching its conclusions. Plaintiff also argues that under Rule 60(b)(5), decisions made by this court after October 20, 2014, are void "since enforcing of void judgment made by a court-advocate, a court-party and a court-opposing counsel is not equitable." Recusal Mem. at 5. The goal of Rule 60(b)(5) to "preserve judicial economy and allow courts to timely correct erroneous judgments" would not be met here by granting Plaintiff's motion, as there has been no erroneous order. See Parke v. United States, No. 97-CV-526, 2004 WL 437464, at *2 (N.D.N.Y. Feb. 17, 2004). Additionally, as discussed above, there have been no void judgments made by this Court. As there has been no new evidence and no void judgments, Plaintiff's motion to vacate pursuant to Rules 60(b)(2), 60(b)(4), and 60(b)(5) is denied.

Plaintiff claims that "the court is now an opposing party in this action," which would mean that, under Rule 60(b)(3), decisions made by this court after October 20, 2014, are void. However, the anti-filing order does not make the Court an opposing party in the present case, as discussed above. Additionally, the anti-filing injunction was warranted under the circumstances in which it was ordered. See Ajamian v. Nemeh, No. 14-CV-320, 2014 WL 6078425, at *3 (N.D.N.Y. Nov. 13, 2014) (outlining the circumstances in which "a federal district court may impose reasonable filing restrictions"). Therefore, there is "nothing exceptional about the present case warranting vacatur" of the Court's decisions made after October 20, 2014. N.Y. State Teamsters Council Health & Hosp. Fund v. Borello Trucking, Inc., No. 96-CV-470, 1998 WL 404229, at *1 (N.D.N.Y. July 10, 1998). Plaintiff's reliance on the October 20, 2014 anti-filing show-cause order is insufficient to demonstrate any extraordinary circumstances or any

11

compelling justifications as to why the Court should vacate all decisions made since October 20, 2014. As the Court is not an opposing party in this action, Plaintiff's 60(b)(3) argument fails.

Finally, Plaintiff argues that under Rule 60(b)(6), decisions made by this court after October 20, 2014, are void "because justice and equity requires vacatur of any decisions of this court made without disclosure of the court's disqualification, pre-judgment and parallel ex parte proceedings." Recusal Mem. at 5. Rule 60(b)(6) is "properly invoked only when there are extraordinary circumstances justifying relief, when the judgment may work an extreme and undue hardship, and when the asserted grounds for relief are not recognized in clauses (1)–(5) of the Rule." Nemaizer, 793 F.2d at 63 (citations omitted) (citing In re Emergency Beacon Corp., 666 F.2d 754, 758–59 (2d Cir. 1981); United States v. Karahalias, 205 F.2d 331, 333 (2d Cir. 1953)). Plaintiff here has not provided any evidence of extraordinary circumstances which would justify relief. Plaintiff's Rule 60(b)(6) argument cannot succeed as her allegations are properly covered by other Rule 60(b) subdivisions, and those other Rule 60(b) arguments have failed. Nemaizer, 793 F.2d at 63. Therefore, Plaintiff's Motion to vacate pursuant to Rule 60(b) is denied.

**C. Motion to Dismiss**

Defendant moves to "dismiss Plaintiff's complaint in its entirety pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure." Dkt. No. 75-1 ("Dismissal Memorandum") at 1. Rule 41(b) states that, "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Courts should consider certain factors in determining whether dismissal for failure to prosecute is appropriate:

> (1) the duration of the plaintiff's failure to comply with the court

> order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996); accord Pichardo v. Karandy, No. 10-CV-104, 2012 WL 6924160, at *2 (N.D.N.Y. Sept. 20, 2012). Federal Rule of Civil Procedure 37(d) states that a court may order sanctions if a party "fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Furthermore, Rule 37(d) provides for sanctions if "a party, after properly being served with interrogatories . . . or a request for [production,] . . . fails to serve its answers, objections, or written response." Fed. R. Civ. P. 37(d)(1)(A)(ii). When deciding "whether a case should be dismissed for failure to comply with discovery," a court may consider: "(1) the wilfulness of the non-compliant party or the reason for the noncompliance; (2) the duration of the period of non-compliance; (3) whether the noncompliant party has been warned of the consequences of noncompliance; and (4) the efficacy of lesser sanctions." Ferrer v. Fischer, No. 13-CV-31, 2014 WL 5859139, at *2 (N.D.N.Y. Oct. 7, 2014) (quoting S. New England Tel. Co. v. Global NAPs, Inc., 624 F.3d 123, 144 (2d Cir. 2010)). "The imposition of sanctions under Rule 37 is within the discretion of the district court." Id.

Defendant argues that "Plaintiff fails to prosecute the present action and failed to comply with the Court's Order at Docket No. 74." Dismissal Mem. at 5; see also Dec. Order. Defendant also argues that "Plaintiff's conduct has unjustly obstructed and delayed the progression in this case and the Defendant's ability to properly prepare a defense." Id. Plaintiff failed to appear for a

13

deposition scheduled for November 10, 2015, after being served notice on September 15, 2015. Affirm. of Lisi-Murray ¶ 11. On December 1, 2015, Plaintiff could not be reached during a scheduled telephone conference. Both Defendant and the Court attempted to contact Plaintiff via telephone, but she could not be reached at the number she had provided the Court. Id. ¶¶ 15–16. In Judge Peebles' December Order, in addition to ordering Plaintiff to provide significant discovery materials, Judge Peebles specifically warned Plaintiff that if she failed to appear for the deposition that was being ordered for the week of January 11, 2016, in the Northern District of New York, there would be a recommendation that "this action be dismissed based upon plaintiff's failure to appear for deposition pursuant to Rules 37 and 41 of the Federal Rules of Civil Procedure." Dec. Order at 8. Defendant notes that Plaintiff has "not provided Defendant with any of the discovery Ordered by the Court" in the December Order. Dismissal Mem. at 6. Additionally, Plaintiff failed to appear at the deposition ordered for the week of January 11, 2016, the second scheduled deposition in this case for which she failed to appear. Id. Plaintiff has not informed the Court as to why she failed to comply with the December Order. The Court notes that Plaintiff has failed to respond to Defendant's Motion to Dismiss, even though Plaintiff was notified via ECF and has had ample time to reply.

As discussed above, while Plaintiff did attend law school, she is now disbarred and is representing herself pro se. "[A]ll litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Plaintiff was on notice that her failure to comply with the December Order could result in dismissal of this action. The Court's decision to grant Defendant's Motion to Compel is

14

evidence of the Court's attempt to impose a less drastic sanction, and Plaintiff's failure to comply with the December Order has prejudiced Defendant's ability to properly prepare his defense. Plaintiff has not provided a reason for this failure. The Court has also considered the duration of Plaintiff's failure to comply with the Court's orders and notes that Plaintiff has not been active in this case since November 2015. The Court has also considered less drastic sanctions, however, given the length of Plaintiff's failure to comply and her awareness of the possibility of sanctions, dismissal is warranted. Therefore, Defendant's motion to dismiss this action in its entirety is granted.

### D. Motion for Sanctions

Defendant argues that Plaintiff should be ordered to pay $150.00 for costs "incurred when a court reporter was hired to provide reporting services for Plaintiff's second noticed deposition." Dismissal Mem. at 5. The Court may to require a party who has failed to act to pay the reasonable expenses caused by the failure. Fed. R. Civ. P. 37(d)(3). "The imposition of such a sanction is necessary to fully compensate the party seeking discovery for the costs entailed by the other party's misconduct." Burnett v. Venturi, 903 F. Supp. 304, 310 (N.D.N.Y. 1995). Here, Defendant hired a court reporter for the deposition scheduled for the week of January 11, 2016, and incurred a $150.00 fee. Because Plaintiff failed to appear for this deposition and gave no explanation for this failure, the Court grants Defendant's Motion for monetary sanctions under Rule 37 in the amount of $150.00. See Conklin v. Bowen, No. 14-CV-1098, 2016 WL 4046911, at *3 (N.D.N.Y. April 25, 2016) (granting defendant's request for monetary sanctions in the amount of the expenses incurred in court reporter fees after the plaintiff failed to appear for his deposition).

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion to Recuse (Dkt. No. 68) is **DENIED**; and it is further

**ORDERED**, that Defendant's Motion to Dismiss and Discovery Sanctions (Dkt. No. 75) is **GRANTED**; and it is further

**ORDERED**, that sanctions in the amount of $150.00 be awarded against Plaintiff; and it is further

**ORDERED**, that the Second Amended Complaint (Dkt. No. 21) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:	August 17, 2016
	Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge